*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *TRACEY FLETCHER,* ) | |
| ) | |
| *Plaintiff* ) | |
| ) | |
| v. ) | *Civil No. 08-150-B-W* |
| ) | |
| *MICHAEL J. ASTRUE,* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| *Defendant* ) | |

***REPORT AND RECOMMENDED DECISION[1]***

This Supplemental Security Income ("SSI") appeal raises three issues: whether the administrative law judge was precluded from relying on the Medical-Vocational Guidelines (the "Grid"); whether the administrative law judge wrongly failed to consider a functional capacity evaluation; and whether the administrative law judge failed to treat the opinion of one of the plaintiff's treating physicians properly. I recommend that the court vacate the commissioner's decision.

In accordance with the commissioner's sequential review process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from fibromyalgia, a history of allergies, and depression with anxiety, impairments that were severe but did not,

---

[1] This action is properly brought under 42 U.S.C. § 1383(c). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on January 16, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

whether considered individually or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 2-3, Record at 14; that she had the residual functional capacity to perform work at the sedentary level, limited to simple and repetitive unskilled tasks, Finding 4, *id*. at 15; that she was not able to perform her past relevant work, Finding 5, *id*. at 17; that, given her age (34), high school education, work experience, and residual functional capacity, there were jobs in the national economy in significant numbers that the plaintiff could perform, Findings 6-9, *id*. at 17-18; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, at any time between the date the application was filed and the date of the decision, Finding 10, *id*. at 18.  The Appeals Council declined to review the decision, *id*. at 2-4, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional

capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A.  Use of the Grid

The plaintiff contends that the administrative law judge impermissibly relied on the Grid because the mental limitation he found existed, "to performing simple and repetitive unskilled tasks," Record at 15, reduces the sedentary occupational base more than marginally.  Plaintiff's Itemized Statement of Specific Errors ("Itemized Statement") (Docket No. 9) at 2-4.

The Grid may be used to determine the availability of work in the national economy for a claimant who has only physical impairments.  *Heggarty v. Sullivan*, 947 F.2d 990, 995-96 (1st Cir. 1991).  When, as here, the claimant is found to have limitations caused by both physical and mental impairments, the Grid may be used as a framework for decision-making, Social Security Ruling 85-15, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991, at 344, but only when the nonexertional impairment reduces the relevant occupational base only marginally.[2]  *Ortiz v. Secretary of Health & Human Servs.*, 890 F.2d 520, 524 (1st Cir. 1989).  As this court has held in the past, a limitation to simple repetitive tasks limits available jobs to those to which the Dictionary of Occupational Titles assigns a General Educational Development ("GED") level of 1.  *E.g., Flagg v. Barnhart*, 2004 WL 2677208 (D. Me. Nov. 24, 2004), at *5 (*aff'd* 2004 WL 2861756 (D. Me. 2004)).

It is true, as counsel for the commissioner pointed out at oral argument, that the authority cited by the plaintiff only addresses whether a limitation to simple repetitive tasks limits available jobs to those with a GED level of 1 and not the issue raised in this case by the plaintiff:

---

[2] In this case, the administrative law judge used the Grid as a framework.  Record at 18.

whether such a limitation also has more than a marginal effect on the sedentary occupational base for purposes of using the Grid as a framework.

However, the plaintiff goes on to assert that, of the 137 job categories in the sedentary occupational base as defined by the Dictionary of Occupational Titles, Social Security Ruling 96-9p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2008), at 155 n.5, only 46, or approximately 34%, carry a GED level of 1.[3] At oral argument, counsel for the plaintiff represented that he had counted these jobs himself. Thus, he asserted, a limitation to simple, repetitive tasks clearly has more than a marginal effect on the sedentary occupational base, despite the administrative law judge's finding to the contrary. Record at 18.

When the Grid is used as a framework, the administrative law judge must either consult a vocational expert, *Burgos Lopez v. Secretary of Health & Human Servs.*, 747 F.2d 37, 42 (1st Cir. 1984), or demonstrate ample support in the record for the proposition that the nonexertional impairment at issue only marginally reduces the relevant occupational base, *Ortiz*, 890 F.2d at 524-26. Here, no vocational expert testified. Record at 19-54.

At oral argument, counsel for the commissioner did not point to any ample support in the record. Rather, she cited case law that she contended allowed the use of the Grid when the only nonexertional consideration is a limitation to simple, repetitive work. Each of the cited cases is distinguishable.

Thus, in *Lassor v. Astrue*, 2007 WL 2021924 (D. Me. July 11, 2007), Magistrate Judge Cohen noted that, consistent with the First Circuit's holding in *Ortiz*, the determination that a claimant's capacity to perform the full range of sedentary or light work is not significantly diminished by her nonexertional impairments may be made without testimony from a vocational

---

[3] I note that this calculation addresses the number of job categories, not the number of jobs, in the sedentary exertional category. Were the calculation made using the actual number of jobs available, the percentage might be quite different.

4

expert, *id*. at *4.  Judge Cohen found supported by sufficient evidence the administrative law judge's conclusion that performance of light and sedentary work was not precluded by the nonexertional impairments that limited the claimant to understanding, remembering, and carrying out simple instructions and sustaining concentration and attention for simple tasks.  *Id*. at *1, *4.  In this case, however, only the sedentary level of work has been found appropriate, clearly a more limited universe than that involved in *Lassor*, and no attempt has been made to show that ample evidence supports the necessary finding of marginal impact on that category of jobs.

In *Nixon v. Barnhart*, 2006 WL 1554673 (D. Me. June 1, 2006), Magistrate Judge Cohen addressed the use of the Grid in a case in which the administrative law judge found the claimant to be capable of work at the light exertional level (as was the case in *Lassor*), *id*. at *1, rather than the more restricted sedentary level at issue in the case at hand.  In addition, the administrative law judge in that case did not merely use the Grid as a framework for decision-making; he relied on it exclusively.  *Id*. at *5.  Judge Cohen raised the possibility that the administrative law judge's error in failing to inquire of the vocational expert at the hearing about the degree to which the plaintiff's nonexertional impairments would erode the full range of light work might be harmless, but he did not decide that issue.  *Id*. at *5-*6.  Instead, he recommended remand because there was no evidence that the restriction on the use of one upper extremity assigned to the claimant by the administrative law judge would only reduce the full range of light work marginally.  *Id*. at *7.

In *Garcia-Martinez v. Barnhart*, 111 Fed.Appx. 22, 2004 WL 2240136 (1st Cir. Oct. 1, 2004), in a brief unreported decision, the First Circuit held that, when the claimant had no physical or exertional limitations and mental limitations to work of a routine, repetitive nature

5

that did not involve "undue" pressure or interactions with the public, use of the Grid as a framework was not error because the "non-exertional impairment does not significantly interfere with the performance of the full range of unskilled work." *Id.* at \*\*1. Obviously, the full range of all possible work may not be more than marginally reduced by this impairment, but, again, the full range of sedentary work, the most limited category, may well be.

In *Ortiz v. Apfel*, 55 F.Supp.2d 96 (D. P.R. 1999), the claimant similarly was found to have no physical limitations but to have trouble performing complex tasks with detailed instructions or activities that required continuous or constant contact with the public. *Id.* at 100, 101. The court discussed extensive evidence that it found to support the administrative law judge's conclusion that this mental impairment did not impose significant limitations on the unlimited range of work that she was physically able to perform, *id.* at 101-02, although it noted that vocational testimony on the point "would have been preferable." *Id.* at 103. Both the lack of physical restrictions and the presence of substantial supporting evidence distinguish this case from the one at hand.

Finally, in *Falcon-Cartagena v. Commissioner of Soc. Sec.*, 21 Fed.Appx. 11, 2001 WL 1263658 (1st Cir. Oct. 11, 2001), another brief unreported decision, the administrative law judge found that the plaintiff's nonexertional limitation, prohibiting him from engaging in complex, non-routine, and skilled tasks, did not significantly compromise his capacity for a full range of sedentary work. *Id.* at \*\*1. The First Circuit reviewed the medical evidence in the record and specifically noted that the opinions of the state-agency reviewing psychiatrists supported the administrative law judge's conclusion that the plaintiff's mental impairment did not affect more than marginally the sedentary occupational base. *Id.* at \*\*2. A similar showing has not been made in the instant case.

The plaintiff is entitled to remand on this basis.

### B.  Other Issues

The plaintiff next contends that the administrative law judge "overlooked" a finding in a functional capacity evaluation which he otherwise adopted to the effect that the plaintiff was limited to occasional use of her hands.  Itemized Statement at 4-5.  This error, she asserts, is not harmless because "an inability to perform frequent handling or fingering tasks represents a significant limitation in the context of a sedentary" residual functional capacity.  *Id.* at 5.

The evaluation cited in this regard by the administrative law judge, Record at 16, lists "occasional" limitation of the hands for grasping, defining "occasional" as "up to 2.5 hours" in a work day, *id.* at 426.  There is insufficient evidence in the record, as presented to the court, to allow me to draw the conclusion that this limitation equates to "an inability to perform frequent handling or fingering tasks."  Since the evaluation was received as a hearing exhibit, there was no opportunity for the state-agency physician reviewers to consider it.  Counsel for the plaintiff may seek clarification of this issue on remand, but it does not, standing alone, provide a basis for remand.

Finally, the plaintiff challenges the administrative law judge's "reject[ion] by implication" of the functional capacity opinion of Dr. Cherascu, whom she characterizes as "her treating rheumatologist."  Itemized Statement at 5-7.  It is true that the administrative law judge does not mention the single report of Dr. Cherascu that appears in the record, Record at 317-19, but the portion of that report on which the plaintiff relies, Itemized Statement at 6, is an opinion on the plaintiff's ability to work at all, an issue that is reserved to the commissioner.  20 C.F.R. § 416.927(e).  As the plaintiff notes, Itemized Statement at 6, the administrative law judge nonetheless is required by Social Security Ruling 96-5p, reprinted in *West's Social Security*

7

*Reporting Service* Rulings (Supp. 2008) at 124, to evaluate such opinions and may not ignore them. While, from all that appears in the administrative law judge's opinion, he did in fact ignore Dr. Cherascu's quoted opinion, that error is harmless in this case because the plaintiff cites the doctor's opinion only on an issue reserved to the commissioner and Dr. Cherascu appears to have seen the plaintiff only twice, Record at 317. *See* 20 C.F.R. § 416.927(d)(2)(i).

## Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 28th day of January, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge